```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
JOSE JIMENEZ,

        Petitioner,
                                        ORDER
     v.                                 22-cv-1586 (KAM)

JOSEPH COREY, Superintendent of
Great Meadow Correctional Facility,

        Respondent.
------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

Petitioner Jose Jimenez, currently incarcerated at Great Meadow Correctional Facility, brings this second pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his 2014 conviction in New York Supreme Court, Queens County.  (See ECF No. 1, Petition for Writ of Habeas Corpus ("Pet."), at 1.)  Petitioner's request to proceed in forma pauperis is denied as moot because Petitioner subsequently paid the filing fee.  Petitioner subsequently filed a letter consenting to appearance before a magistrate judge.  (See ECF No. 5, Consent to Jurisdiction by Pro Se Plaintiff).  As set forth below, the Court cannot consider the instant petition and transfers it to the United States Court of Appeals for the Second

1

Circuit pursuant to 28 U.S.C. § 1631.  Petitioner's request to appear before a magistrate judge is denied as moot.

Individuals have one year from the conclusion of direct review of a state court conviction to file a petition for habeas relief.  22 U.S.C. § 2244(d).  This limitation "does not begin to run until the completion of direct appellate review in the state court system and either the completion of certiorari proceedings in the United States Supreme Court, or – if the prisoner elects not to file a petition for certiorari – the time to seek direct review via certiorari has expired."  *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001).

On September 26, 2019, Petitioner filed his first petition for a writ of habeas corpus pursuant to § 2254 challenging his 2014 conviction.  *Jimenez v. Miller*, No. 19-cv-5538 (KAM), 2020 WL 2329166, at *1, 4 (E.D.N.Y. May 11, 2020).  The New York Court of Appeals had denied Petitioner leave to appeal his 2014 conviction on June 29, 2017.  *People v. Jimenez (Jose)*, 86 N.E.3d 570 (N.Y. 2017).  Petitioner then had 90 days to petition the United States Supreme Court for certiorari, U.S. Sup. Ct. R. 13(1), but he did not do so.  (Pet. at 3.)  Therefore, the one-year statute of limitations for filing a § 2254 petition began to run after Petitioner's 90-day period to file a petition for certiorari expired on September 27, 2017.  *See Williams*, 237 F.3d at 151.

Accordingly, the Court dismissed Petitioner's September 26, 2019 petition as time-barred. *Jimenez*, 2020 WL 2329166, at *4. On July 14, 2020, Petitioner filed a motion for reconsideration, which the Court denied on July 15, 2020. (Docket No. 1:19-cv-05538, ECF No. 12, Pet'r's Mot. Seeking a Rehearing En Banc, at 2; Docket No. 1:19-cv-05538, 7/15/2020 Min. Order.) Petitioner did not file a notice of appeal of the dismissal of his first petition.

Thereafter, Petitioner filed a late motion for reconsideration of the New York Court of Appeals' decision denying leave to appeal his conviction. (*See* ECF No. 1-2, Memorandum of Law in Support of Timeliness of Habeas Corpus Petition ("Mem."), at 1.) The New York Court of Appeals denied the motion on March 10, 2022. *People v. Jimenez (Jose)*, 185 N.E.3d 996 (N.Y. 2022).

Petitioner filed the instant petition on March 15, 2022. (Pet. at 14.) Although Petitioner's first petition was untimely, he argues that the instant petition is timely because the "finality" of the conviction was reopened when the New York Court of Appeals permitted him to bring the untimely motion for reconsideration, pursuant to 22 NYCRR 500.20(f)(2). (Mem. at 2-3 (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (citation omitted)); 22 NYCRR 500.20(f)(2).

As noted above, Petitioner already filed a first petition challenging his conviction, which this Court denied as

untimely. *Jimenez*, 2020 WL 2329166, at *1. Because the denial was an adjudication on the merits, the instant petition is a successive one. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications." *Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003); 28 U.S.C. § 2244(b)(3). Therefore, Petitioner must move in the United States Court of Appeals for the Second Circuit for permission to pursue this successive petition for habeas corpus relief. § 2244(b)(3)(A).

Accordingly, in the interest of justice, the Clerk of Court shall transfer this petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. 28 U.S.C. § 1631; *see Torres*, 316 F.3d at 151-52 (citing *Liriano v. United States*, 95 F.3d 119, 121–23 (2d Cir. 1996) (per curiam)). Petitioner's request to appear before a magistrate judge is denied as moot.

Upon transfer of this petition, the Clerk of the Court is respectfully requested to close this case. If the Second

4

Circuit authorizes Petitioner to proceed with this second petition, he shall move promptly to reopen under this docket number, 22-CV-1586. The Clerk of the Court is respectfully requested to serve a copy of this Order on Petitioner by November 3, 2022 and to make a notation of the service in the docket.

**SO ORDERED.**

Dated: November 1, 2022
      Brooklyn, New York

*Kiyo A. Matsumoto*
_____
**HON. KIYO A. MATSUMOTO**
United States District Judge